UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANCHOR HEALTH SYSTEMS, INC., ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> DENNIS RADOWSKI, CITY OF ) <br> HAMMOND, and PROFESSIONAL ) <br> CLAIMS MANAGEMENT, INC., ) <br> ) <br> Defendants. ) | Cause No. 2:16-CV-65-RLM-PRC |

OPINION and ORDER

Plaintiff Anchor Health Systems filed suit in Lake County Superior Court, seeking payment for home health care services it allegedly provided for the wife of defendant Dennis Radowski. Mr. Radowski's contract with Anchor included an assignment of benefits, authorizing his insurance providers to pay benefits directly to Anchor. Mr. Radowski was an employee of the City of Hammond and enrolled in the city's health insurance plan, and Anchor submitted claims to the plan for the cost of the care it provided to Mr. Radowski's wife. When the claims were denied and the bills went unpaid, Anchor sued Mr. Radowski for breach of contract and also sued the City of Hammond and its claim's management service, Professional Claims Management Inc., pursuant to the Employee Retirement Income Security Act. The defendants timely removed the case to federal court under 28 U.S.C. §1446(b), based on the presence of the ERISA claim conferring federal subject matter jurisdiction.

Anchor moves to remand, arguing that the ERISA statute explicitly gives state and federal courts concurrent jurisdiction over the type of ERISA claim at issue here. *See* 29 U.S.C. § 1132(e)(1). Anchor makes two general arguments: that the defendants bear the burden of showing that removal is mandatory and haven't met it, and that Anchor's federal ERISA claim isn't separate and independent of the state law claims so removal was unjustified.

Under 28 U.S.C. § 1447, a district court can grant a motion to remand on one of two bases: (1) a defect in the removal procedure, or (2) a lack of subject matter jurisdiction. *See* Hernandez v. Brakegate Ltd., 942 F.2d 1223, 1225 (7th Cir. 1991). A district court also has the discretion – but not the obligation – to remand an action removed from state court when all the federal claims have dropped out of the case and only pendent state-law claims remain. *See* Carnegie-Mellon Univ. v. Cohill, 484 U.S. 343, 348, 108 S.Ct. 614, 617-618, 98 L.Ed.2d 720 (1988). Anchor doesn't allege a defect in the removal procedure and the ERISA claims remain in the case; the parties both concede that this court has concurrent jurisdiction over the case.

While Anchor is correct that the defendants haven't shown removal of these claims was "mandatory," that isn't the relevant standard. A defendant seeking removal bears the burden of showing that subject matter jurisdiction exists, Schur v. L.A. Weight Loss Ctrs., 577 F.3d 752, 763 (7th Cir. 2009), but that only means that the defendants must show the case is *eligible* for removal – not that state courts had no jurisdiction over the case. Anchor had the right to

sue in either a state or federal forum, but the defendants had a right to removal because the suit included claims based on ERISA and thus presented a federal question. *See* 28 U.S.C. § 1441(a) (providing that any civil action over which federal courts have jurisdiction "may be removed by the defendant or the defendants"); Bartholet v. Reishauer A.G. (Zurich), 953 F.2d 1073, 1075 (7th Cir. 1992) (noting that because ERISA is a federal statute, "a suit about pensions is federal litigation *at the defendant's option*.") (emphasis added). Once a case is eligible for removal, the defendant has a right to removal that trumps the plaintiff's right to choose the initial forum. *See Nature and source of right to remove action to federal court*, 2 CYC. OF FEDERAL PROC. § 3:2 (3d ed.) (collecting cases for the proposition that "when the statutory conditions exist, the right of removal is absolute.").

Anchor suggests that the court has discretion to remand a case presenting an issue of federal law simply because state courts also possess concurrent jurisdiction. Anchor cites no authority for that proposition, and courts have made clear that no such discretionary authority exists. *See, e.g.*, Gaming Corp. of America v. Dorsey & Whitney, 88 F.3d 536, 542 (8th Cir. 1996) ("A district court has no discretion to remand a claim that states a federal question."); Pettit v. Consolidated Rail Corp., 765 F. Supp. 508, 509 (N.D. Ind. 1991) ("That the state courts have concurrent jurisdiction over the complaint is no bar to removal."). The "presence of even one claim 'arising under' federal law is sufficient to satisfy the requirement that the case be within the original

jurisdiction of the district court for removal," and Anchor admits that the ERISA claim is within the court's original jurisdiction. Exxon Mobil Corporation v. Allapattah Services, Inc., 545 U.S. 546, 563 (2005), *citing* Chicago v. International College of Surgeons, 522 U.S. 156, 165 (1997).

In addition to arguing that the court should remand the case because the state court shares concurrent jurisdiction over the ERISA claim, Anchor also asserts that removal was improper here because the ERISA claim isn't "separate and independent" of the state law breach of contract claim within the meaning of 28 U.S.C. § 1441(c). But the words "separate and independent" don't appear in today's version of the removal statute; Anchor relies on cases interpreting the 1948 version of § 1441(c), which provided for removal when "a separate and independent claim or cause of action within the jurisdiction conferred by section 1331 of this title is joined with one or more otherwise non-removable claims or causes of action." The statute has since been amended, and the version applicable to this action permits allows of the entire action whenever a suit includes both a federal law claim and an otherwise non-removable one. Congress excised the language requiring that the removable and non-removable claims be separate and independent, and under the plain language of the statute as written today those attributes are not required.

For these reasons, Anchor's motion to remand (Doc. No. 11) is DENIED.

SO ORDERED.

ENTERED: <u>April 21, 2016</u>

<u>    /s/ Robert L. Miller, Jr.    </u>
Judge
United States District Court