IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION

| | |
|---|---|
| ANCHOR HEALTH SYSTEMS, INC., ) | CASE NO. 2:16-cv-00065-TLS |
| ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| ) | |
| v. ) | |
| ) | |
| ) | |
| DENNIS RADOWSKI, THE CITY OF ) | |
| HAMMOND, PROFESSIONAL CLAIMS ) | |
| MANAGEMENT, INC., UNITED FOOD & ) | |
| COMMERCIAL WORKERS UNION & ) | |
| EMPLOYERS CALUMET REGION ) | |
| INSURANCE FUND, ) | |
| ) | |
| Defendants. | |

**REPLY BRIEF IN SUPPORT OF
CITY DEFENDANTS' MOTION FOR SUMMARY JUDGMENT**

The City of Hammond and Professional Claims Management, Inc., collectively, the "City Defendants," by counsel submit their Reply Brief in support of their Motion for Summary Judgment.

## I.     INTRODUCTION

Plaintiff violated N.D. Ind. L.R. 56-1(b)(2) in failing to include a "Statement of Genuine Disputes" in its Response Brief ("Response"). (*See* Response, Doc. No. 105). Plaintiff's failure to comply with the local rules results in an admission of City Defendants' Statement of Material Facts. Plaintiff made other errors in filing its

1

Response, including failing to have consecutively numbered pages as required by N.D. Ind. L.R. 5-4(a)(6) and incorrect citation forms. The fourteen-page argument section of Plaintiff's Response contains but two sub-headings: "The City Plan Is An ERISA Plan," and "Anchor is entitled to a jury trial in this case." (*See* Response, pp. 2 and 14). The lack of organization in Plaintiff's Response makes it difficult to formulate a Reply.

Plaintiff spends the majority of its Response arguing that the City health plan is an ERISA plan. It is not. Plaintiff admitted that the City plan is not an ERISA plan when Plaintiff's counsel signed the Report of Parties Planning Meeting filed on August 16, 2017: "There is no basis for federal jurisdiction under ERISA as to Hammond and PCM as Hammond's plan is not subject to ERISA." (Doc. No. 49, p. 1). Even if this Court disregards Plaintiff's admission, the law clearly establishes that the City's plan is not governed by ERISA. Thus, any arguments relying on the false premise that the City plan is an ERISA plan should be disregarded.

Plaintiff disputes the admissibility of certain evidence, namely the independent medical review reports attached to the City Defendants' Brief in Support of its Motion for Summary Judgment as Exhibits C-8, 10 and 11. (See Response, pp. 11-12). However, Plaintiff failed to address this dispute in a separate motion as required by N.D. Ind. L.R. 56-1(e) and 7-1(a). As such, admissibility of the reports is effectively undisputed. Moreover, even if this Court overlooks Plaintiff's failure to comply with the local rules, the reports are admissible. Plaintiff's only argument against admissibility is that the reports are hearsay. The reports are admissible

2

under the business records exception to the rule against hearsay. (*See* Fed. R. Evid. 803(6)).

Finally, Plaintiff discusses an issue in its Response which is unrelated to the Motion for Summary Judgment, namely its very belated request for a jury trial. This portion of Plaintiff's Response should be disregarded because Plaintiff has failed to comply with procedural requirements, and because the request is untimely

## II.   ARGUMENT

### A.   Plaintiff's failure to comply with the local rules results in an admission of City Defendants' Statement of Material Facts.

On March 25, 2019, the City Defendants filed a Motion for Summary Judgment, Brief in Support, and Designation of Evidence, including 12 exhibits. (Doc Nos. 91-93). The City Defendant's Brief in Support of Motion for Summary Judgment contains a section labeled "Statement of Material Facts," as required by N.D. Ind. L.R. 56-1(a). (Doc. No. 92, pp. 5-11).

On June 17, 2019, Plaintiff filed a Response to City Defendants' Motion For Summary Judgment, and Designation of Evidence, including 12 exhibits. (Doc. Nos. 105, 105-1 – 105-13). Neither Plaintiff's Response Brief nor its Designation of Evidence contains a section labeled "Statement of Genuine Disputes."

The local rules of the Northern District court require a Response Brief or Appendix to contain a section titled "Statement of Genuine Disputes":

> (2) Content of Response Brief or Appendix. The response brief or its appendix must include a section labeled "Statement of Genuine Disputes" that identifies the material facts that the party contends are genuinely disputed so as to make a trial necessary.

3

N.D. Ind. L.R. 56-1(b)(2).

"[W]hen a non-movant fails to controvert a moving party's Statement of Material Facts with a properly supported Statement of Genuine Disputes, the movant's facts may be deemed admitted … We have consistently held that a failure to respond by the nonmovant as mandated by the local rules results in an admission." *Caldwell v. Klemz*, No. 2:14-CV-455, 2017 WL 4620693, at *3 (N.D. Ind. Oct. 12, 2017) (citing *Smith v Lamz*, 321 F.3d 680, 683 (7th Cir. 2003)).

Plaintiff's Response fails to controvert the City Defendants' Statement of Material Facts with a properly supported Statement of Genuine Disputes, as it is completely devoid of this required section. Plaintiff's failure to comply with the local rules results in an admission of City Defendants' Statement of Material Facts.

> B. <u>Plaintiff's argument that the City Defendants failed to discuss a Standard of Review should be disregarded because the City Defendants cited the standard relevant to summary judgment.</u>

Plaintiff takes issue with the City Defendants' statement in their Brief in Support of Motion for Summary Judgment relating to standard of review, stating: "The City Plan does not make any arguments regarding the standard of review this Court should use such as a de novo standard or an arbitrary and caprcious [sic] standard so the plaintiff will nor [sic] argue this in this response." Of course, the City Defendants' Brief does address the standard of review, which, in this matter, is the summary judgment standard. (See Doc. 92, pp. 11-12). Plaintiff appears to be confusing an appellate standard of review with the summary judgment standard. As such, Plaintiff's statements relating to standard of review in this matter should be disregarded.

4

C. Any arguments in Plaintiff's Response Brief relying on the false premise that the City plan is an ERISA plan should be disregarded because Plaintiff admitted the City plan is not an ERISA plan, and the law supports such a conclusion.

Plaintiff admitted that the City plan is not an ERISA plan when Plaintiff's counsel signed the Report of Parties Planning Meeting filed on August 16, 2017, stating: "There is no basis for federal jurisdiction under ERISA as to Hammond and PCM as Hammond's plan is not subject to ERISA." (Doc. No. 49, p. 1). Furthermore, Plaintiff's failure to comply with N.D. Ind. L.R. 56-1(b)(2) may constitute an admission of the Statement of Material Facts submitted in the City Defendants' Brief, namely in paragraph four (4): "The City plan is not an ERISA plan. (*See* City Defendants' Brief in Support of Summary Judgment, Doc. 92, p. 5, ¶ 4, citing Doc. No. 93-4, and Doc. No. 49, ¶ 2)."

Aside from Plaintiff's admission that the City Plan is not an ERISA plan, there is abundant law supporting this conclusion. An employee benefit plan is exempt from ERISA if it is a governmental plan as defined in 29 U.S.C. § 1002(32) ("a plan established or maintained for its employees by the Government of the United States, by the government of any State or political subdivision thereof, or by any agency or instrumentality of any of the foregoing."). *See* 29 U.S.C. § 1003(b)(1). The Seventh Circuit adopted the *Hawkins* test to determine whether a plan is a governmental plan for purposes of ERISA in *Shannon v. Shannon*. 965 F.2d 542, 548 (7th Cir. 1992). Under the *Hawkins* test, an entity administering a plan will be deemed a political subdivision if it is either (1) created directly by the United States/state/other political subdivision, so as to constitute a department or administrative arm of government,

5

or (2) administered by individuals who are responsible to public officials or to general electorate. *Id.* (citing *NLRB v. Natural Gas Utility District of Hawkins County, Tennessee*, 402 U.S. 600, 602-03 (1971)). A city is considered a political subdivision within the meaning of 29 U.S.C. § 1002(32). *See Halttunen v. City of Livonia*, 664 Fed. App'x. 510, 512-13 (6th Cir. 2016) ("[Defendant] would be hard-pressed to find [a case where a city was held not to be a political subdivision of the state]") (citing *Fromm v. Principal Health Care of Iowa, Inc.*, 244 F.3d 652, 653 (8th Cir. 2001) (per curiam); *Weiner v. Klais & Co.*, 108 F.3d 86, 89-90 (6th Cir. 1997), *abrogated on other grounds by Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506 (2002); *Silvera v. Mut. Life Ins. Co. of New York*, 884 F.2d 423, 427 (9th Cir. 1989); *In re Pensions of the 19th District Judges under Dearborn Emps. Ret. Sys.*, 540 N.W.2d 784, 787 (Mich. Ct. App. 1995)).

A health plan that is established and maintained by a City is a governmental plan exempt from ERISA even when the plan is offered and administered by a private party. *See Fromm*, 244 F.3d at 653 (citing *Silvera*, 884 F.2d at 426; *Simac v. Health Alliance Medical Plans, Inc.*, 961 F. Supp. 216 (C.D. Ill. 1997)). The only exception to the exemption provided to governmental plans by ERISA occurs when a political subdivision participates in a multi-employer plan in which at least one of the employer-participants is a private entity. *See City of Warwick v. Laborers' International Union of North America National (Industrial) Pension Fund*, No. 08-366ML, 2009 WL 462690, at *4 (D. R.I. Feb. 23, 2009); *Brooks v. Chicago Housing Authority*, No. 89 C 9304, 1990 WL 103572, at *2 (N.D. Ill. July 5, 1990); *Livolsi v. City of New Castle*, 501 F. Supp. 1146 (W.D. Pa. 1980). David Baker is the CEO of

6

Professional Claims Management, Inc., the third-party administrator of the City of Hammond's health plan. In his declaration, Mr. Baker avers:

> "The City's plan is not a multi-employer plan. In other words, the only employer included in the City's health insurance plan is the City of Hammond and the agencies and departments that are a part of the City, such as the Hammond Sanitary District. There are no non-governmental entity employers that participate in the City's plan."

Declaration of David J. Baker, Doc. No. 93-4.

The parties cannot create federal court subject-matter jurisdiction by stipulation, by conduct, or by estoppel. *See Holman v. Laulo-Rowe Agency*, 994 F.2d 666, 668 n.1 (9th Cir. 1993) (citing *Neirbo Company v. Bethlehem Shipbuilding Corp.*, 308 U.S. 165 (1939)); 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3522 (3d ed. 2008). *See also Silberstein v. U.S. Securities*, 153 F. Supp. 3d 233, 236 (D.D.C. 2016) (citing *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003) ("No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is both a statutory requirement and an Article III requirement."). Therefore, whether a party intends ERISA to govern is irrelevant because the application of ERISA depends on whether the plan satisfies the statutory definition. *See Smith v. Regional Transit Authority*, 827 F.3d 412, 420 (5th Cir. 2016) (citing *Meredith v. Time Ins. Co.*, 980 F.2d 352, 354 (5th Cir. 1993); *MDPhysicians & Assocs., Inc. v. State Bd. Of Ins.*, 957 F.2d 178, 183 n.7 (5th Cir. 1992)).

In this case the City of Hammond, a political subdivision of the state of Indiana, created the City plan and therefore satisfies the *Hawkins* test. *See*

*Halttunen*, 664 Fed. App'x. at 512-13; *Shannon*, 965 F.2d at 548. The City of Hammond maintains the City plan and is its only participant. *See Fromm*, 244 F.3d at 653; *City of Warwick*, 2009 WL 462690, at *4; *Brooks*, 1990 WL 103572, at *2; *Livolsi*, 501 F. Supp. at 1150. Furthermore, whether the City of Hammond transferred the administration of the City plan to a private third-party is irrelevant, because such a fact does not exclude the City plan from the ERISA exemption for governmental plans. *See Fromm*, 244 F.3d at 653.

Finally, the City of Hammond could not have agreed to or decided that ERISA governs its City plan, because the plan does not satisfy the ERISA statutory definition. *See Smith v. Regional Transit Authority*, 827 F.3d at 420; *Holman*, 994 F.2d 666, 668 n.1; *Silberstein v. U.S. Securities*, 153 F. Supp. 3d at 236; 13 Charles Alan Wright & Arthur R. Miller, *Federal Practice & Procedure* § 3522 (3d ed. 2008). Plaintiff fails to provide any evidence or procedural or substantive grounds to support its claim that the City plan is an ERISA plan; thus, any arguments relying on the false premise that the City plan is an ERISA plan should be disregarded.

> D. <u>The independent medical review reports submitted by the City Defendants are admissible and are deemed admitted</u>.
>
> 1. *The Independent Medical Review Reports are Deemed Admitted.*

On pages 11-12 of its Response, Plaintiff disputes the admissibility of the independent medical reports attached in Exhibit C to the City Defendants' Motion for Summary Judgment. (See Doc. Nos. 93-3, pp. 61-79). However, Plaintiff failed to address this dispute in a separate motion as required by N.D. Ind. L.R. 56-1(e) and

8

7-1(a). As such, admissibility of the evidence offered in support of the City Defendants' Motion for Summary Judgment is effectively undisputed. *See Craig v. Nicholson*, No. 2:17-cv-00220-WTL-DLP, 2018 WL 5830706, at *2 (S.D. Ind. Nov. 7, 2018) ("The Court will assume that the facts as claimed and supported by admissible evidence by the movant are admitted without controversy unless 'the non-movant specifically controverts the facts as in that party's 'Statement of Material Facts in Dispute' with admissible evidence' …. ").

Furthermore, Plaintiff's failure to comply with N.D. Ind. L.R. 56-1(b)(2), as discussed in section A above, may constitute an admission of the "Statement of Material Facts" submitted in the City Defendants' Brief, namely in paragraphs 26, 29 and 30 which reference and incorporate the three independent medical reports. (*See* Doc. No. 92, pp. 9-10).

2. *The Independent Medical Review Reports Are Admissible Under Fed. R. Evid. 803(6).*

Even if this Court decides to disregard Plaintiff's failure to comply with the local rules, the reports are admissible. Plaintiff's argument against admissibility is that the documents are hearsay. Hearsay is defined as a statement not made by the declarant while testifying at the trial or hearing that is offered in evidence to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(c); Ind. R. Evid. 801(c). There are several exceptions to the hearsay rule, including records of a regularly conducted activity (often referred to as the business records exception):

> **Rule 803. Exceptions to the Rule Against Hearsay – Regardless of Whether the Declarant is Available as a Witness**.

> The following are not excluded by the rule against hearsay, regardless of whether the declarant is available as a witness:
>
> …
>
> (6) **Records of a Regularly Conducted Activity**. A record of an act, event, condition, opinion, or diagnosis, if:
>
>> (A) the record was made at the time or near the time by—or from information transmitted by—someone with knowledge;
>>
>> (B) the record was kept in the course of a regularly conducted activity of a business …;
>>
>> (C) making the record was a regular practice of that activity;
>>
>> (D) all these conditions are shown by the testimony of the custodian or another qualified witness …; and
>>
>> (E) neither the sources of information nor the method or circumstances of preparation indicate a lack of trustworthiness.

Fed. R. Evid. 803(6); Ind. R. Evid. 803(6).

Independent medical review reports are records of a regularly conducted activity, in this case, insurance claim administration. These records are generated during the External Review Process after a coverage denial and are routinely kept as part of a claimant's record. (*See* City Def.'s Mot. for Summ. J. Ex. C-5, Doc. No. 93-3, p. 19). Furthermore, these reports are created by physicians associated with a qualified independent medical review organization who evaluate the information in a claimant's medical record and opine on the medical necessity of treatment provided. Thus, the independent medical review reports are admissible because they qualify under the "records of a regularly conducted activity" exception to the Rule Against Hearsay, Fed. R. Evid. 803(6).

Plaintiff states in its Response, "Finally, even if admissible pursuant to some exception to hearsay, it is self contradictory [sic]." (Doc. No. 105, p. 12). Whether the reports are "self-contradictory" goes to the weight, not the admissibility, of the evidence. Plaintiff had ample opportunity during the discovery phase of this lawsuit to investigate and depose the Medical Review Institute of America and its physicians who prepared the reports, but it failed to do so.

E. <u>Plaintiff's request for a jury trial should be disregarded because Plaintiff has failed to comply with procedural requirements, and the request is untimely.</u>

Plaintiff requests a jury trial in its Response, although that issue is unrelated to the Motion for Summary Judgment. (*See* Response, pp. 14-15). Local Rule 7-1(a) establishes that motions must be filed separately, and Plaintiff failed to file a separate motion. *See* N.D. Ind. L.R. 7-1(a). For this reason, Plaintiff's insertion of a request for jury trial in its Rule 56 Response should be disregarded.

Moreover, Plaintiff's belated request for a jury trial should be dismissed as it is untimely. Plaintiff had ample opportunity to request jury trial in the original Complaint filed in state court (Doc. No. 6) and in the two Amended Complaints filed in this court (Doc. Nos. 32 and 51) but failed to do so. Interestingly, Plaintiff's request for a jury trial is incompatible with its assertion that this is a claim governed by ERISA: "when relief is sought under § 1132(a)(1)(B), the relief is considered equitable, meaning that there is no right to a jury trial, a view shared by every circuit to consider the issue." *See Coburn v. Continental Cas. Co.*, 306 F. Supp. 2d 815, 817 (N.D. Ind. 2003) (referring to the Seventh Circuit conclusion that ERISA claims do not provide for a right to jury trial).

11

Plaintiff's request for jury trial should be disregarded by this Court in its determination of the City Defendants' Motion for Summary Judgment.

## III. CONCLUSION

For all the foregoing reasons, Defendants City of Hammond and Professional Claims Management, Inc., by counsel, respectfully request that this Court deem Plaintiff's failure to comply with procedural rules an admission of City Defendants' Statement of Material Facts; that this Court disregard Plaintiff's arguments relying on the premise that the City plan is an ERISA plan; that this Court determine that the independent medical review reports submitted by City Defendants are admitted; that this Court disregard Plaintiff's request for a jury trial; and that this Court grant summary judgment in their favor and against Plaintiff Anchor Health Systems, Inc., and for all other proper relief.

Respectfully submitted,

FROST BROWN TODD LLC

By: */s/ Amy Stewart Johnson*
Anthony W. Overholt, #16481-49
Amy Stewart Johnson, #16257-49
Attorneys for Defendants The City of
Hammond and Professional Claims
Management, Inc.

## **CERTIFICATE OF SERVICE**

This is to confirm that a copy of the foregoing was electronically filed on the 29th day of July, 2019.  Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

| | |
|---|---|
| Jonathan R. O'Hara<br>Attorney at Law<br>1304 Vale Park Road<br>Valparaiso, IN  46383<br>oharalawoffice@gmail.com<br>*Counsel for Plaintiff* | Robert A. Montgomery<br>Law Office of Robert Montgomery<br>30 N. LaSalle Street, Suite 2950<br>Chicago, IL  60602<br>rm@rmontlaw.com<br>*Counsel for Defendant Dennis Radowski* |

Jonathan D. Karmel
Joseph C. Torres
Karmel Law Firm
221 North LaSalle Street, Suite 1550
Chicago, IL  60601
jon@karmellawfirm.com
joe@karmellawfirm.com
*Counsel for United Food & Commercial Workers Union & Employers Calumet Region Insurance Fund*

       */s/Amy Stewart Johnson*
       Amy Stewart Johnson

FROST BROWN TODD LLC
201 North Illinois Street, Suite 1900
P.O. Box 44961
Indianapolis, IN  46244-0961
317-237-3800
Fax: 317-237-3900
aoverholt@fbtlaw.com
asjohnson@fbtlaw.com

EN21182.Public-21182   4850-7869-6093v3